AUSA: Getzel Berger

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | **24 MAG 1392** |
| UNITED STATES OF AMERICA<br><br>           v.<br><br>JAMAAL WADE,<br><br>                    Defendant. | **SEALED COMPLAINT**<br><br>Violations of 18 U.S.C. § 2252A<br><br>COUNTY OF OFFENSE:<br>NEW YORK |

SOUTHERN DISTRICT OF NEW YORK, ss.:

    MATTHEW DERAGON, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation ("FBI") and charges as follows:

## COUNT ONE
### (Receipt and Distribution of Child Pornography)

    1.    From at least on or about August 13, 2023 through at least on or about January 23, 2024, in the Southern District of New York and elsewhere, JAMAAL WADE, the defendant, knowingly received and distributed material that contained child pornography using a means and facility of interstate and foreign commerce and that had been mailed and had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit, WADE distributed files containing sexually explicit images of minors from/on a computer in New York, New York via the Telegram messaging application.

    (Title 18, United States Code, Sections 2252A(a)(2)(B) and (b)(1).)

## COUNT TWO
### (Possession of Child Pornography)

    2.    From at least on or about August 13, 2023 through at least on or about January 23, 2024, in the Southern District of New York and elsewhere, JAMAAL WADE, the defendant, knowingly possessed and accessed with intent to view a book, magazine, periodical, film, videotape, computer disk, and other material that contained an image of child pornography that had been mailed, shipped and transported using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit, WADE possessed sexually explicit images of minors, including images of prepubescent minors and minors who had not attained 12 years of age, in his residence in New York, New York.

    (Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2).)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

### **The Offense Conduct**

3. Based on my involvement in the investigation, including conversations with other law enforcement officers and review of documents and communications, I have learned the following:

    a. In or around October 2023, the FBI seized and searched a cellphone ("Phone-1") belonging to an individual ("Target Telegram User-1") pursuant to a judicially authorized search warrant.

    b. Following the execution of the above-mentioned search warrant, Target Telegram User-1 agreed to be interviewed by the FBI. During that interview, Target Telegram User-1 disclosed, in sum and substance, that he had communicated with an individual named "Jamaal" ("Jamaal"). Target Telegram User-1 described Jamaal as a professional dancer who lived in Washington Heights, New York, in the vicinity of 172nd Street. Target Telegram User-1 said that he and "Jamaal" had exchanged child sexual abuse materials ("CSAM") on Telegram and had watched CSAM together in person at Jamaal's residence. Target Telegram User-1 also said, in sum and substance, that Jamaal had told Target Telegram User-1 that Jamaal had previously been arrested for conduct involving an underage boy while on tour with a performance group. Target Telegram User-1 also provided the username of an Instagram account used by Jamaal ("Instagram Account-1").

    c. A review of Phone-1 uncovered an August 13, 2023 Telegram message thread ("Chat-1") between Target Telegram User-1 and another individual ("Target Telegram User-2"), who was later identified as JAMAAL WADE, the defendant, *see infra* ¶¶ 4–5. Target Telegram User-2 had initiated the conversation, identifying himself as "Jamaal from insta." Target Telegram User-1 asked Target Telegram User-2 if he "got those vids," after which Target Telegram User-2 sent Target Telegram User-1 eight videos containing CSAM involving minors as young as two years old engaged in sexual acts with adults. Target Telegram User-2 added: "I have way more."

    d. As part of the investigation, Target Telegram User-1 agreed to allow an FBI Online Covert Employee ("FBI Covert Employee-1") to use Target Telegram User-1's Telegram account ("Telegram Account-1").

    e. On or about January 10, 2024, Telegram Account-1 received a message from an individual ("Target Telegram User-3") who commenced a message thread ("Chat-2").

    f. The following day, on or about January 11, 2024, FBI Covert Employee-1 (who was operating Telegram Account-1) sent Target Telegram User-3 a screenshot showing part of Chat-1 (the August 13, 2023 chat in which Target Telegram User-2 identified himself as "Jamaal from Insta") and asked if Target Telegram User-3 was the same person as Target Telegram User-2. The following day, on or about January 12, 2024, Target Telegram User-3 confirmed that he was.

    g. Two days later, on or around January 14, 2024, Target Telegram User-3 sent FBI Covert Employee-1 (who was operating Telegram Account-1) a video depicting CSAM

2

involving an underage boy, noting that the child depicted in the video is "11 or 12" years old. Later that day, Target Telegram User-3 wrote that he "has a ton of videos."

    h.  On or around January 23, 2024, Target Telegram User-3 sent FBI Covert Employee-1 (who was operating Telegram Account-1) eight CSAM videos depicting male children between the ages of approximately four and eight years old engaged in sexual activities, including oral and anal penetration, with adult males.

### Identification of JAMAAL WADE

    4.  As explained below, I believe that Target Telegram User-2 (who sent CSAM videos to Target Telegram User-1 on August 13, 2023), Target Telegram User-3 (who sent CSAM videos to FBI Covert Employee-1 on January 14 and 23, 2024), and Jamaal (whom Target Telegram User-1 identified as the man he met in person and with whom he shared and viewed CSAM) are all the same person: JAMAAL WADE, the defendant. This conclusion is based on the following, which I have learned from my involvement in the investigation, my review of documents and communications, and conversations with other law enforcement officers:

    a.  *Name*: As noted above, WADE shares the same first name, "Jamaal," as the individual who Target Telegram User-1 met in person and with whom he shared and viewed CSAM.

    b.  *Photographs*. On or about January 10, 2024, FBI Covert Employee-1, who was operating Telegram Account-1, asked Target Telegram User-3 to identify himself. In response, Target Telegram User-3 sent a photograph of a man ("Photograph-1"). An identical photograph ("Photograph-2") was posted on Instagram Account-1, which Target Telegram User-1 identified as belonging to the man named "Jamaal" with whom he had viewed CSAM. Instagram Account-1 lists the account user as "Jamaal Wade" and contains a profile picture ("Photograph-3") showing a man who resembles the individual depicted in Photograph-1 and Photograph-2. Other photographs of WADE, including a photograph published in an online article about WADE ("Photograph-4") and a photograph taken for WADE's New York State driver's license, likewise appear to depict the same individual depicted in Photograph-1 and Photograph-2. Cropped versions of Photograph-1, Photograph-2, Photograph-3, and Photograph-4, which all appear to depict the same person, are shown below:

3




Photograph-1            Photograph-2




Photograph-3            Photograph-4

c. *Employment.* Target Telegram User-1 stated that Jamaal had told Target Telegram User-1 that Jamaal is a professional dancer. Additionally, in Chat-2, FBI Covert Employee-1 and Target Telegram User-3 discussed performance contracts on cruise ships. Based on my review of documents, including documents provided by a cruise-ship company ("Cruise Ship Company-1"), I have learned that JAMAAL WADE, the defendant, is a professional dancer who has worked on cruise ships and is currently employed on board a cruise ship operated by Cruise Ship Company-1. Records provided by Cruise Ship Company-1 list WADE's address and date of birth, both of which match the address and date of birth listed on a New York driver's license issued to JAMAAL WADE, the defendant. Additionally, on or about March 22, 2024, Target Telegram User-3 wrote to FBI Covert Employee-1 (who was operating Telegram Account-1), in substance and in part, that Target Telegram User-3 was working on a cruise ship operated by Cruise Ship Company-1 and that he brought his "collection" of CSAM materials on board the ship.

d. *Criminal history.* Target Telegram User-1 stated in his interview that Jamaal had been arrested while on tour for his conduct involving an underage boy. I have reviewed records from the Detroit Police Department showing that JAMAAL WADE, the defendant, was arrested in Detroit, Michigan on February 18, 2020, for rubbing the penis of an 11-year-old boy.

    e. *Address*.  Target Telegram User-1 stated in his interview that he visited "Jamaal" at his apartment in Washington Heights, in the vicinity of 172nd Street.  I have reviewed records relating to New York State driver's licenses and determined that a driver's license was issued to JAMAAL WADE, the defendant, on or about September 8, 2020, listing WADE's address as being on West 173rd Street in Washington Heights, which is consistent with Target Telegram User-1's statement.

    5. Accordingly, there is probable cause that JAMAAL WADE, the defendant, possessed and shared multiple videos containing CSAM, including (i) sending eight videos to Target Telegram User-1 on August 13, 2023; (ii) sending one video to FBI Covert Employee-1 on January 14, 2024; and (iii) sending eight videos to FBI Covert Employee-1 on January 23, 2024.

    WHEREFORE, I respectfully request that a warrant be issued for the arrest of JAMAAL WADE, the defendant, and that he be arrested, and imprisoned or bailed, as the case may be.

*s/ Matthew Deragon, by the Court with permission*
Matthew Deragon
Special Agent
Federal Bureau of Investigation

Sworn to me through the transmission of
this Complaint by reliable electronic
means (telephone), this 5th day of April, 2024.

_____
THE HONORABLE ROBYN F. TARNOFSKY
United States Magistrate Judge
Southern District of New York